UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CUMMINS,<br><br>   Plaintiff,<br><br>  v.<br><br>REDDING POLICE DEPARTMENT, et al.,<br><br>   Defendants. | No. 2: 14-cv-2860 KJN P<br><br>ORDER |

  Plaintiff is a prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1  quotations marks omitted). In reviewing a complaint under this standard, the court must accept as
2  true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the
3  pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236
4  (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

5  Named herein as defendants are the Redding Police Department and Investigator Cole.
6  Plaintiff alleges that on February 10, 2014, at around 11:30, he had just gotten out of the shower.
7  He heard pounding and shouting downstairs. Plaintiff alleges that before he could put any clothes
8  on, his front door was opened. Plaintiff was ordered to come downstairs immediately. Plaintiff
9  grabbed a blanket and went downstairs. Plaintiff alleges that law enforcement officials had
10 machine guns and firearms pointed at him. Defendant Cole allegedly shouted, "Put up your
11 hands." Plaintiff put his hands up, exposing his naked body. Defendant Cole then handcuffed
12 plaintiff. Plaintiff told defendant Cole that there was a firearm upstairs. Defendant Cole replied,
13 "That's why we came in here like this. We heard that you had one." Plaintiff alleges that he was
14 frightened and humiliated.

15 Plaintiff alleges that the policies of defendant Redding Police Department allow for the
16 type of conduct alleged. Plaintiff alleges that defendant Cole was the leader of the unit that
17 entered his house. As legal claims, plaintiff alleges unlawful entry and excessive force.

18 Plaintiff has not plead sufficient facts for the court to determine whether he has stated
19 potentially colorable claims for relief for unlawful entry and excessive force. Plaintiff does not
20 allege, for example, whether or not the police had a warrant or whether he was arrested after
21 defendant Cole entered his home. Plaintiff does not allege whether he is now in custody based on
22 this arrest. Plaintiff also does not allege sufficient facts regarding why defendant Cole came into
23 his home. While plaintiff alleges that defendant Cole entered his home because he heard plaintiff
24 had a gun, plaintiff does not discuss why his possession of a gun would cause law enforcement
25 officials to enter his home as they allegedly did. Without additional facts regarding the
26 circumstances leading to the entry of his home and what happened after the entry of his home, the
27 ////
28 ////

court cannot evaluate plaintiff's claims for relief.[1] For these reasons, plaintiff's complaint is dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

---

[1] Claims of excessive force arising before or during arrest are examined under the Fourth Amendment's prohibition on unreasonable seizures. Graham v. Connor, 490 U.S. 386, 394 (1989); see also Hammer v. Gross, 932 F.2d 842, 845 (9th Cir. 1991). The reasonableness analysis requires balancing the "nature and quality of the intrusion" on a person's liberty with the "countervailing governmental interests at stake" to determine whether the use of force was objectively reasonable in light of all the relevant circumstances. Graham, 490 U.S. at 396; Hammer, 932 F.2d at 846. Factors to be considered in the reasonableness inquiry include: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Shasta County Sheriff's Department filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: January 8, 2015

Cumm2860.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT
9                         FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | JAMES CUMMINS,                        | No.  2: 14-cv-2860 KJN P
12 |              Plaintiff,
13 |       v.                              | NOTICE OF AMENDMENT
14 | REDDING POLICE DEPARTMENT, et al.,
15 |              Defendants.
16

17       Plaintiff hereby submits the following document in compliance with the court's order
18 filed_____.
19                _____          Amended Complaint
20 DATED:
21
22                                        _____
                                          Plaintiff
23
24
25
26
27
28